UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| IN RE: SUBWAY FOOTLONG<br>SANDWICH MARKETING AND<br>SALES PRACTICES LITIGATION | )<br>)<br>)<br>)<br>) | Case No. 2:13-md-02439-LA<br><br>Judge Lynn Adelman |

# PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION

NOW COME Plaintiffs Nguyen Buren, Charles Noah Pendrak, John Farley, Jason Leslie, Barry Gross, Richard Springer, Andrew Roseman, Vincent Gotter, Zana Zeqiri, and Ayanna Nobles (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through counsel, and respectfully request the entry of an order certifying this action as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(2), as follows:[1]

Plaintiffs define the Class as:

> All persons in the United States who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

In the alternative, Plaintiffs seek approval of the following subclasses:

(a) All Illinois consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

(b) All New Jersey consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

(c) All California consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

(d) All Pennsylvania consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

(e) All Wisconsin consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

---

[1] Plaintiffs are filing their Motion for Class Certification at this time because of the holding by the Seventh Circuit Court of Appeals in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.").

(f) All Arkansas consumers who purchased a six inch or Footlong sandwich at a Subway® restaurant after January 1, 2007.

(*See* Plaintiffs' Consolidated Class Action Complaint ("Compl."), Dkt. No. 18, ¶ 44).

Plaintiffs further request that Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., and Stephen P. DeNittis of DeNittis Osefchen, P.C., be appointed as co-lead counsel for the Class.

In support of this motion, Plaintiffs state as follows:

### **NATURE OF THE CASE**

1. Plaintiffs bring this action individually and on behalf of the proposed Class, as defined above, of similarly situated consumers throughout the United States to redress the pervasive pattern of fraudulent, deceptive and otherwise improper advertising, sales and marketing practices that that Defendant Doctor's Associates, Inc. ("DAI") ("Defendant") engaged in and continues to engage in regarding the length of purported "Footlong" submarine sandwiches ("subs"), which are a core product sold by Defendant's SUBWAY® restaurants. In reality, Defendant's "Footlong" subs are not one foot, or 12 inches, in length. (Compl., ¶ 1).

2. Defendant and its franchisees heavily market SUBWAY® "Footlong" subs as actually being 12 inches—a "foot"—long. This is made clear in SUBWAY® marketing campaigns, which often refer to the measurement unit of one foot, or refer to measurements generally, when advertising the "Footlong" subs. (Compl., ¶¶ 30-31). However, the "Footlong" subs that SUBWAY® sells to its customers are materially shorter than the advertised 12 inches. (Compl., ¶¶ 4, 11-20).

3. Defendant also markets, advertises and offers 6 inch (designated by Defendant as 6") subs for purchase at its SUBWAY® restaurants. These 6 inch subs are created by

Defendant's employees by simply cutting the bread used for "Footlong" subs in half, and then preparing the 6" subs to its customers' specifications. Accordingly, because Defendant's "Footlong" subs are less than 12 inches in length, SUBWAY® 6 inch subs are also shorter than advertised. As a result, consumers are receiving less than they are paying for. (Compl., ¶ 32).

4. Defendant has the right of complete or substantial control over all SUBWAY® restaurants in that it can implement and direct the policies and procedures of nearly every aspect of those restaurants, including the length of "Footlong" subs, and enforce those policies and procedures to ensure that they are being complied with. (Compl., ¶¶ 24-25).

5. Additionally, Defendant has the right of complete or substantial control over the marketing and advertising decisions for all SUBWAY® restaurants. Indeed, Defendant represents that its centralized Marketing department "presents the public face of SUBWAY®. It includes departments like Research & Development, which develops and test markets the food that we serve, and FAF (Franchisee Advertising Fund) – responsible for the creation and placement of commercials and print ads." (Compl., ¶¶ 25-26).

6. Defendant uniformly markets and advertises SUBWAY® "Footlong" subs to consumers through an extensive, nationwide marketing campaign as being one foot, or 12 inches, in length. (Compl., ¶¶ 28-33). However, the mandatory policies and procedures for SUBWAY® employees implemented by Defendant with regard to the creation and preparation of those "Footlong" subs results in the subs being less than one foot, or 12 inches, in length. (Compl., ¶¶ 11-20, 35-36).

7. This case is ideal for Class treatment, because the misrepresentations and omissions in Defendant's marketing and advertising materials and campaigns were common to all Class members, as the content of the advertisements were developed and disseminated

centrally by Defendant. Furthermore, the damages incurred by all Class members as a result of Defendant's conduct are common, as the policies and procedures responsible for the length of "Footlong" subs were created and enforced centrally by Defendant. (Compl., ¶¶ 24-25, 33).

8. Indeed, Defendant's Operations Manual ("OM"), which is given to all of its franchisees, sets forth standardized, uniform procedures that franchisees must follow when baking bread. (Compl., ¶ 25). Specifically, Section 10.10-10.11 of the OM sets forth the standardized, uniform 10-step process that all franchisees must follow. Despite uniformly advertising to the public that its "Footlong" subs are 12 inches in length, Defendant's standardized OM permitted and tolerated franchisees to make SUBWAY® "Footlong" subs smaller than advertised—at 11.5 inches—which is less than the 12 inches that was promised to consumers.

9. Simply put, despite nationally advertising to consumers through uniform television, internet, and media advertisements that the SUBWAY® "Footlong" sub is, in fact, a foot long, Defendant created and implemented a procedure which permitted and tolerated franchisees to uniformly make the sandwiches smaller than promised.

10. Defendant tolerated and permitted SUBWAY® "Footlong" and 6" subs to be sold to consumers undersized. (Compl., ¶ 40). At the time Plaintiffs purchased their SUBWAY® "Footlong" subs, Defendant was misrepresenting the length of its "Footlong" subs through the uniform advertising and marketing mediums set forth above, including marketing and advertising materials at the specific stores from which Plaintiffs made their purchases. Defendant's standards and practices relative to the creation of SUBWAY® "Footlong" and 6" subs result in the subs routinely being materially shorter than one foot, or 12 inches, in length and 6 inches in length. (Compl., ¶¶ 35-36).

11. Defendant's uniform statements regarding SUBWAY® "Footlong" subs, in conjunction with the impression regarding the length of those subs that Defendant intended to convey by naming and promoting them as "Footlong" and 6 inch subs, were false, deceptive and misleading. (Compl., ¶ 42). As a result of SUBWAY® "Footlong" and 6 inch subs not being as long as advertised, Plaintiffs and the proposed Class members received less food then they were promised by Defendant. (Compl., ¶ 43).

## CLASS CERTIFICATION REQUIREMENTS

12. To achieve Class certification, a plaintiff must demonstrate that Rule 23(a)'s four prerequisites are satisfied: (1) that the proposed Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the Class; (3) that the claims of the representative party are typical of the claims of the Class; and (4) that the representative party will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). This case satisfies all of those factors.

13. **Numerosity.** To satisfy the numerosity requirement, a Class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Where the Class numbers at least 40, joinder is generally considered impracticable. *Armes v. Sogro, Inc.*, 08-C-0244, 2011 WL 1197537, at *2 (E.D. Wis. Mar. 29, 2011); *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002). "[T]he court is entitled to make common sense assumptions in order to support a finding of numerosity." *Stawski v. Secured Funding Corp.*, 06-CV-0918, 2008 WL 647024, at *1 (E.D. Wis. Mar. 6, 2008), *citing Patrykus v. Gomilla*, 121 F.R.D. 357, 360 (N.D. Ill. 1988).

14. Here, upon information and belief there are millions of alleged violations, because SUBWAY® is one of the largest, if not the largest, restaurant chains in the world, with over

5

24,000 restaurants nationwide, and "Footlong" subs are the core product sold by SUBWAY®. (Compl., ¶ 3). The numerosity requirement is satisfied.

15. **Commonality.** Rule 23(a)'s second requirement is that there must be "questions of law or fact common to the Class." Fed. R. Civ. P. 23(a)(2). This "commonality" requirement is satisfied by showing "a common nucleus of operative fact" *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998), that is "of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Where a question of law involves "standardized conduct of the defendant toward members of the proposed Class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago,* 102 F.R.D. 944, 949 (N.D. Ill. 1984); *accord, Patrykus v. Gomilla,* 121 F.R.D. 357, 361 (N.D. Ill. 1988). The presence of some factual variations among class members' experiences will not defeat class certification. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir.1992).

16. To the extent that the Court finds that the consumer fraud laws of different States may have minor but material differences, the use of subclasses may be employed and is appropriate. "[T]he fact that a class is overbroad and should be divided into subclasses is not in itself a reason for refusing to certify the case as a class action." *Johnson v. Meriter Health Services Employee Ret. Plan*, 702 F.3d 364 (7th Cir. 2012), *citing Culver v. City of Milwaukee,* 277 F.3d 908, 912 (7th Cir. 2002); *see also McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) *cert. denied,* 133 S. Ct. 338 (2012).

17. Here, Defendant engaged in standardized conduct involving a common nucleus of operative facts that are capable of classwide resolution. The case involves common fact questions about Defendant's alleged deceptive and unfair conduct in marketing and advertising

SUBWAY® "Footlong" subs, such as:

    a.    whether Defendant represented that SUBWAY® "Footlong" subs were one foot, or 12 inches, in length;

    b.    Whether the use of the name "Footlong" was intended to signify a length of measurement;

    c.    Whether the marketing and advertising materials for the "Footlong" subs were created, designed, and/or prepared by Defendant;

    d.    Whether the marketing and advertising materials for the "Footlong" subs were approved by Defendant;

    e.    Whether the marketing and advertising materials for the "Footlong" subs indicated that the subs could be less than a foot, or 12 inches, in length;

    f.    Whether Defendant's SUBWAY® "Footlong" subs were one foot, or 12 inches, in length;

    g.    Whether Defendant ever warned consumers through disclaimers, signage or by any other means, that the "Footlong" subs are, or could be, less than one foot, or 12 inches, in length;

    h.    whether Defendant failed to disclose that SUBWAY® "Footlong" subs were less than 12 inches in length;

    i.    whether Defendant's claims regarding the SUBWAY® "Footlong" subs are deceptive or misleading;

    j.    whether Defendant engaged in false, deceptive and/or misleading advertising;

    k.    Whether Defendant tolerated and permitted SUBWAY® "Footlong" and 6" subs to be sold to consumers undersized;

    l.    whether Defendant's conduct as alleged herein violates the consumer fraud statutes of the various States and the District of Columbia;

    m.    whether Defendant's conduct as alleged herein violates public policy;

    n.    whether Plaintiffs and Class members are entitled to equitable and injunctive relief.

(Compl., ¶ 46).

18. **Typicality.** Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the Class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other Class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted). In this case, typicality is inherent in the Class definition because each Class member, including Plaintiffs, received a "Footlong" sub from SUBWAY® that was shorter than 12 inches in length. Each Class member's claim is based on the same deceptive and unfair misrepresentations by Defendant. Rule 23(a)(3)'s "typicality" requirement is satisfied.

19. **Adequacy of Representation — Rule 23(a)(4) Adequacy Requirement.** Rule 23(a)'s final requirement is that the Class representative must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The requirement that the class representative be adequate is relatively modest and will generally be satisfied if the plaintiff does not have interests that are antagonistic to those of the other class members. *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 281 F.R.D. 327, 333 (E.D. Wis. 2012) *aff'd*, 704 F.3d 489 (7th Cir. 2013); see also *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 295 (N.D. Ill. 2008). Here, Plaintiffs understand the obligations of a Class representative, the nature of the claims, are involved in the litigation, and have an interest in representing the Class. Plaintiffs and the other Class members all seek injunctive relief for the same deceptive and unfair acts and practices of Defendant in misrepresenting the length of SUBWAY® "Footlong" subs. Given the identity of claims between Plaintiffs and the Class members, there is no potential for conflicting interests, and thus there is no antagonism between the interests of Plaintiffs and those of the other Class members, which is the key factor to determine whether a plaintiff is an adequate representative.

Therefore, Rule 23(a)(4)'s "adequacy" requirement is satisfied.

20. **Adequacy of Representation — Rule 23(g) Class Counsel Adequacy Requirement.** Class counsel's adequacy is determined by four factors: (i) the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling Class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the Class. Fed. R. Civ. P. 23(g)(1)(A). Plaintiffs' counsel are experienced lawyers and they are adequate counsel for the Class. They have been appointed as lead or co-lead counsel in many Class actions and have recovered substantial monies for their clients and the Class members. (*See* Declaration of Thomas A. Zimmerman, Jr. (Dkt. No. 21) and Zimmerman Law Offices, P.C.'s website, www.attorneyzim.com; *see also* Declaration of Stephen P. DeNittis (Dkt. No. 22) and DeNittis Osefchen, P.C.'s website, www.denittislaw.com).

21. **Rule 23(b)(2) Requirement.** Certification is appropriate under Fed. R. Civ. P. 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The U.S. Supreme Court has stated that Rule 23(b)(2) applies when a single injunction or declaratory judgment would provide relief to each member of the class. *Dukes*, 131 S. Ct. at 2557 (quotation omitted). This case involves claims for injunctive relief only. All of Plaintiffs' claims stem from the same alleged conduct applicable to the entire Class, and the proposed injunctive relief is appropriate for the Class as a whole. Indeed, Plaintiffs allege that Defendant has acted or refused to act on grounds that apply generally to the Class, *i.e.*, Defendant made deceptive and unfair representations manifested in its uniform, nationwide advertising and marketing materials, and uniform policies and procedures, with regard to the length of SUBWAY® "Footlong" subs. Therefore, a single injunction or declaratory judgment declaring Defendant's

9

conduct illegal and/or enjoining Defendant from making deceptive and unfair misrepresentations would provide relief to each member of the Class.

22. Accordingly, all of Rule 23(a) and (b)(2)'s requirements are satisfied here.

23. In further support of this motion, Plaintiffs respectfully submit the accompanying memorandum of law, incorporated by reference.

WHEREFORE, because the proposed Class meets the requirements of Rules 23(a), (b)(2), and (g), Plaintiffs request that the Court (a) certify the Class, (b) appoint Plaintiffs as the Class representatives, (c) appoint Thomas A. Zimmerman, Jr. and Stephen P. DeNittis as co-lead Class counsel, and (d) for any other relief the Court deems just.

Respectfully submitted,

*Co-Lead Counsel*

| s/ Thomas A. Zimmerman, Jr. | s/ Stephen P. DeNittis |
|---|---|
| Thomas A. Zimmerman, Jr. | Stephen P. DeNittis |
| Adam M. Tamburelli | DeNittis Osefchen, P.C. |
| Frank J. Stretz | 5 Greentree Centre, Suite 410 |
| Zimmerman Law Offices, P.C. | Route 73 South & Lincoln Drive |
| 77 West Washington Street, Suite 1220 | Marlton, New Jersey 08053 |
| Chicago, Illinois 60602 | (856) 797-9951 |
| (312) 440-0020 | |

*Plaintiffs' Executive Committee*

| | |
|---|---|
| Todd M. Friedman | Daniel A. Edelman |
| Nicholas J. Bontrager | Cathleen M. Combs |
| Law Offices of Todd M. Friedman | James O. Latturner |
| 369 S. Doheny Drive, #415 | Francis R. Greene |
| Beverly Hills, CA 90211 | Edelman, Combs, Latturner & Goodwin, LLC |
| (877) 206-4741 | 120 S. LaSalle Street, Suite 1800 |
| | Chicago, IL 60603 |
| | (312) 739-4200 |

Michael S. Agruss
Agruss Law Firm, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
(312) 224-4695

Guri Ademi (SBN 1021729)
Shpetim Ademi (SBN 1026793)
David J Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
Ademi & O'Reilly, LLP
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000

Juan E. Monteverde
Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

Marshall Dale Evans
Evans Law Firm, P.A.
2333 N. Green Acres Road
P.O. Box 1986
Fayetteville, AR 72702
(479) 521-9998

Reginald Terrell
The Terrell Law Group
223 25th Street
Richmond, CA 94804
(510) 237-9700

E. Kent Hirsch
Hirsch Law Firm, P.A.
107 West Emma Ave.
Springdale, AR 72764
(479) 751-0251

Gerald A. Marks
Louis D. Tambaro
Kristen A. Curatolo
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, NJ 07701
(732) 747-7100