**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| IN RE: SUBWAY FOOTLONG SANDWICH MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) | No. 3:13-md-2439 |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AGREEMENT AND CERTIFYING THE SETTLEMENT CLASS**

The parties to the above-captioned action have agreed to settle the Litigation (the "Settlement") pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release (the "Settlement Agreement"). The parties reached the Settlement through arms-length negotiations with the assistance of retired United States Magistrate Judge Morton Denlow and, on the issue of attorney's fees and Class Representative Service Awards, the Court. Under the Settlement Agreement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed settlement Class would fully, finally, and forever resolve, discharge and release their injunctive relief claims in exchange for Defendant's agreement to make certain practice changes and the payment of no more than $525,000 in total for attorney's fees, expenses, costs, and Class Representative Service Awards. In addition, Defendant will separately pay all costs and fees associated with creating a Settlement Website that is provided for in the Settlement Agreement.

Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement.

Upon considering Plaintiffs' motion and all exhibits thereto, the Settlement Agreement, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for purposes of settlement only, the proposed Class meets the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2) and should be certified for settlement purposes only; (3) the Plaintiffs and the law firms identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, was reached with the assistance of experienced, highly-qualified mediators, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the Notice Program included in the Settlement Agreement is reasonably calculated under the circumstances to apprise the Class of the pendency of the Litigation, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for Class Representative Service Awards for Plaintiffs, and their rights to object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment, and whether to grant Class Counsel's application for an award of attorneys' fees and expenses and request for Class Representative Service Awards for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1.     As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.     Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4.     In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.     The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23(a) factors are present and that certification of the proposed Class is appropriate under Rule 23(b)(2).  The Court, therefore, certifies the following Class for settlement purposes:

> all persons in the United States who purchased a Six inch or Footlong sandwich at a Subway® restaurant any time between January 1, 2003 and the date of this Order. Excluded from this class are Defendant, the Related Parties, governmental entities, and all judges assigned to hear any aspect of this case, as well as their immediate families.

6.     Specifically, the Court finds, for settlement purposes only, that the Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:

(a)     Numerosity:  The Subway® franchise system is one of the largest restaurant chains in the United States. During the Class Period, a sizable portion of the American population has purchased a sandwich at a Subway® restaurant.  Joinder is therefore impractical and Rule 23(a)(1)'s numerosity requirement is met.

(b)     Commonality:  The threshold for commonality under Rule 23(a)(2) is not high.  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (citation omitted). Here, the commonality requirement is satisfied. There are multiple questions of law and fact, centering on Defendant's class-wide policies and practices, that are common to the Class, that are alleged to have injured all Class Members in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) Typicality: The Plaintiffs' claims also are typical of the Class because they concern the same policies and practices of Defendant, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.

(d) Adequacy: Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Class, and Plaintiffs have retained competent counsel to represent them and the Class. Class Counsel regularly engage in consumer class litigation and other complex litigation similar to the present Litigation, and have dedicated substantial resources to the prosecution of these actions. Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Class Members' interests in these actions.

(e) Injunctive Only class: Rule 23(b)(2) is satisfied because based on the alleged acts, Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

7. In addition, the Court preliminarily finds that by not objecting to the certification of the Class for settlement purposes and by taking other steps to negotiate, execute, and implement the Settlement Agreement, Defendant has not waived any arguments that it has or may have to opposing class certification absent the Settlement Agreement. If the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms

of the Settlement Agreement, the Court will fully disregard and not consider any act relating to the negotiation, execution, or implementation of the Settlement Agreement, certification of the Class for settlement purposes only, or Defendant's lack of objection to Plaintiffs' class certification motion when deciding any class certification issues.

8.    The Court appoints the following people as class representatives: Nguyen Buren, John Farley, Vincent Gotter, Barry Gross, Jason Leslie,  Charles Noah Pendrak, Andrew Roseman, Richard Springer, and Zana Zeqiri.

9.    The Court appoints the following firms as Class Counsel: Zimmerman Law Offices, P.C; DeNittis Osefchen, P.C.; Law Offices of Todd M. Friedman; Edelman, Combs, Latturner & Goodwin, LLC; Agruss Law Firm, LLC; Ademi & O'Reilly, LLP; Evans Law Firm, P.A.; Hirsch Law Firm, P.A.; Marks & Klein, LLP. The Zimmerman Law Offices, P.C. and DeNittis Osefchen, P.C. law firms are appointed as Lead Class Counsel.

<u>Preliminary Approval of the Settlement</u>

10.    At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."  4 Newberg § 11.26.  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.  *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.    The Court preliminarily approves the Settlement, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a retired United States Magistrate

Judge and the Court. The Court further finds that the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of Preliminary Approval; and (b) it is appropriate to effectuate the notice to the Class, as set forth below and in the Settlement Agreement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment.

12. To the extent that Defendant has not yet done so, it will comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed Settlement as set forth below.

### Approval of Notice and Notice Program and Direction to Effectuate Notice

13. When a Rule 23(b)(2) class is certified, no notice to the class is necessary. *See* Fed. R. Civ. P. 23(c)(2)(A); *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2558 (2011); *see also, e.g., Lewis v. City of Chicago*, 702 F.3d 958, 962–63 (7th Cir. 2012) ("Rule 23(b)(2) does not require notice, because no one can opt out of a (b)(2) class."). Rule 23(e), however, says that the court must "direct notice in a reasonable manner to all class members who would be bound" by a proposed class settlement. There is a tension between these two provisions. Courts, however, have resolved this tension by employing a "functional interpretation of Rule 23(e)" and finding that notice is not required under certain circumstances. *Green v. American Express Co.*, 200 F.R.D. 211, 212 (S.D.N.Y. 2001) (calling this the "functional interpretation of Rule 23(e)"). *Selby v. Principal Mutual Life Ins. Co.*, 98 CIV. 5283(RLC), 2003 WL 22772330 (S.D.N.Y. Nov. 21, 2003); *Jermyn v. Best Buy Stores, L.P.*, 08 CIV. 214 CM, 2012 WL 2505644 (S.D.N.Y. June 27, 2012); *Foti v. NCO Fin. Sys., Inc.,* No. 04-Civ.-00707, 2008 U.S. Dist. LEXIS 16511, at *14 (S.D.N.Y. Feb. 19, 2008); *Miller v. Hygrade Food Prods. Corp.*, 01-3953, 2002 WL 1060698 (E.D. Pa. May 23, 2002) (observing that "the majority of courts have determined that

the Rule does not contain an absolute notice requirement" and declining to require notice where "there is no evidence of collusion and only negligible evidence of prejudice"); *Kim v. Space Pencil, Inc.*, C 11-03796, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ("The court exercises its discretion and does not direct notice here because the settlement does not alter the unnamed class members' legal rights."); *Lilly v. Conagra Foods, Inc.*, No. CV 12-225-RGK (SHx) Doc. No. 113, 134 (C.D. Cal. 2014); *see also* 2 McLaughlin on Class Actions § 6:20 ("[a]lthough the plain language of Rule 23(e) appears to mandate that notice of a proposed dismissal, settlement or compromise be provided to class members in all class actions, many courts have adopted a 'functional interpretation of the Rule that permits courts to approve certain settlements without any notice to class members—even in classes certified under Rule 23(b)(3). This approach is sound."); Newberg on Class Actions §§ 11:66, 11:72 (5th ed.). Situations where notice is not necessary include: (1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement. *Green*, 200 F.R.D. at 212.

14.     Here, the Court finds that traditional forms of publication notice are not necessary. First, Class members are giving up only injunctive relief claims and cannot opt-out. Moreover, the injunctive relief is providing Class Members with the relief that they seek. Second, the Settlement is not collusive in any way. Rather, it took almost 18 months and the assistance of the Court and a retired magistrate judge to negotiate. Conversely, requiring extensive, traditional publication notice would be expensive and out of line with the rest of the Settlement. A large portion of the entire population of the United States is likely to have eaten at a Subway® restaurant at least once since 2003. Thus, any class notice would be through

publication notices in major newspapers and magazines. That kind of cost would put the Settlement at risk because DAI has indicated that it may abandon the Settlement if forced to incur that kind of expense. Finally, there was considerable press on social, television, print and radio media about the length of sandwiches around the time these lawsuits were filed in 2013. Considering these facts, a press release containing a link to a Settlement Website will provide the public with the information it needs about this Settlement.

15.     For these reasons, the Court approves the form and content of the Press Release Notice and Long-Form Notice, which are attached as Exhibits C and D to the Settlement Agreement and to the Unopposed Motion for Preliminary Approval.  The Court further finds that although no traditional publication notice is necessary, the notice program, described in Paragraphs 33-35 of the Settlement Agreement, is appropriate under the circumstances. The notices and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

16.     The Court directs that Rust Consulting act as the Settlement Administrator. The Settlement Administrator shall issue the Press Release Notice in the manner described in the Settlement Agreement. It also shall establish and maintain a Settlement Website, which will explain the Settlement, give answers to frequently asked questions, and provide links to the Long Form Notice, the Settlement Agreement, and other court documents, including the complaints filed in the Litigation.

17.     DAI will pay all costs associated with the Settlement Administrator and will also post the Press Release Notice on its website. Lead Class Counsel will also post the Press Release Notice on their websites.

18.     The Press Release Notice, Long Form Notice, and the Settlement Website will be made available to the public in the manner described in the Settlement Agreement within 15 days

after the Court enters this Order.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

19.     The Court directs that a Final Approval Hearing shall be scheduled for **January 15, 2016 at 10:30 a.m**. to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment, and whether Class Counsel's application for attorneys' fees and expenses and request for Service Awards for Plaintiffs should be granted.

20.     Any person in the Class may object to the Settlement, Class Counsel's application for attorneys' fees and expenses and/or the request for Service Awards for Plaintiffs.  Any such objections to the Settlement or to the application for fees, costs, expenses, and Class Representative Service Awards must be mailed to the Clerk of the Court no later than 75 days after the entry of this Order, as specified in the Notice.  For an objection to be considered by the Court, the objection, as stated in the Long Form Notice, must be signed by the objector's or the objector's attorney and also set forth:

    a)  the name of the Litigation;

    b)  the objector's full name, address and telephone number;

    c)  an explanation of the basis upon which the objector claims to be a Class Member or otherwise asserts standing to object;

    d)  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

    e)  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

    f)  any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel

9

and any other person or entity;

g)  the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and

h)  a list of all persons, including if applicable the objector himself, who will be called to testify at the Final Approval Hearing in support of the objection.

### Further Papers In Support Of Settlement and Fee Application

21.     Class Counsel shall file their application for attorney's fees and expenses no later than 65 days after the entry of this Order, and Plaintiffs shall file their Motion for Final Approval of the Settlement no later than 95 days after the entry of this Order.

### Effect of Failure to Approve the Settlement

22.     In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement, including the certification of a class, shall become null and void and have no further force and effect, shall not be used or referred to by the parties or the Court or by any member of the putative class for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding; and

(b)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law.

### Stay/Bar Of Other Proceedings

23.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.

24.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

10

| Event | Days From Preliminary Approval Order | Date |
|---|---|---|
| Press Release Notice and Settlement Website made Public | 15 Days | October 19, 2015 |
| Motion for Attorney's Fees | 65 Days | December 7, 2015 |
| Deadline to Submit Objections | 75 Days | December 16, 2015 |
| Motion for Final Approval | 95 Days | January 5, 2016 |
| Final Fairness Hearing | 105 Days | January 15, 2016 |

DONE AND ORDERED at the United States Courthouse in Milwaukee, Wisconsin this 2nd day of October 2015.

s/ Lynn Adelman

_____

LYNN ADELMAN
UNITED STATES DISTRICT JUDGE