IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: SUBWAY FOOTLONG SANDWICH MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) ) | Case No. 2:13-md-2439 |

## DEFENDANT DOCTOR'S ASSOCIATES INC.'S MOTION TO FILE UNDER SEAL

In their Memorandum in Support of Plaintiffs' Unopposed Motion for Final Approval ("Final Approval Brief"), Plaintiffs refer to the declaration of John Gordon. *See* Doc. No. 54 p. 33-34. Plaintiffs did not file Mr. Gordon's declaration with the Final Approval Brief because it contains information that DAI has designated as confidential pursuant to a Confidentiality Agreement the parties executed before exchanging documents. Plaintiffs provided DAI with a copy of Mr. Gordon's declaration. After reviewing the declaration, DAI has determined that Paragraphs 8-11 contain confidential information that should not be made publicly available.[1] DAI therefore moves, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Local Rule 79(d), that the Court order Paragraphs 8-11 of Mr. Gordon's declaration be sealed.[2] A redacted version of Mr. Gordon's declaration is attached as Exhibit 1.

While court proceedings are presumptively open to public view, the Supreme Court has recognized that "the common law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a

---

[1] Pursuant to Local Rule 79(d)(4), the undersigned certifies that the parties have conferred and agree that paragraphs 8-11 of Mr. Gordon's declaration should be filed under seal.

[2] This motion to seal should not be interpreted as DAI in any way endorsing, advocating, or agreeing with Mr. Gordon's methodology or conclusions. Rather, DAI is filing this motion solely to protect the confidentiality of its financial and business information.

1

litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Consistent with Rule 23(c)(1)(G), the Seventh Circuit has made clear that sealing certain information may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *see also Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002) (in appropriate circumstances, "trade secrets or other categories of bona fide long-term confidentiality" may be sealed); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996) ("Judicial proceedings are presumptively open, but particular information may be withheld.").

As courts have repeatedly concluded in this District, it is well-settled that documents "containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally known to the public may be properly filed under seal." *See Formax v. Alkar–Rapidpak–MP Equip., Inc.,* No. 11–C–0298, 2014 WL 792086, at *2 (E.D. Wis. Feb 25, 2014); *see also Wisconsin Alumni Research Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 6453837, at *1 (W.D. Wis. Oct. 26, 2015) (sealing trial exhibits showing the total number of I-Phone chips manufactured at a certain location); *E.E.O.C. v. Abbott Laboratories*, No. 10-C-833, 2012 WL 3842460, at *2 (E.D. Wisc. Sept. 5, 2012) (sealing documents containing sales data and pricing information); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *9 (E.D. Wis. Oct. 24, 2008) (sealing documents containing nonpublic financial and business information); *Feeding BV v. Principle Sols., LLC*, No. 14-C-1241, 2015 WL 136402, at *4 (E.D. Wis. Jan. 8, 2015) ("Courts have

2

Case 2:13-cv-00716-LA   Filed 01/06/16   Page 2 of 5   Document 53

confirmed the confidential and protectable nature of profit and loss statements, balance sheets and income statements and any documents that contain information on pricing, sales or profits and losses").

Paragraphs 8-11 of Mr. Gordon's declaration discuss sales data for both Footlong and Six Inch sandwiches and price information. These paragraphs also contain a valuation analysis that, if made public, could be used to reverse engineer the financial information discussed by Mr. Gordon. *See* Declaration of David A. Cousins ¶ 8(attached as Exhibit 2). There is good cause to seal Paragraphs 8-11 of Mr. Gordon's declaration. DAI is a privately held company. Information on its franchisees' sales by sandwich type and price information is not made available to the public. *Id.* ¶¶ 4-6. Rather, DAI considers this information to be highly confidential. *Id.* Moreover, it would cause DAI and its thousands of franchisees commercial, competitive, and irreparable harm if this information is disclosed, as competitors and potential competitors could use it to DAI and its franchisees' detriment. *Id.* ¶ 7. This is especially true considering that the Subway® franchise system is one of the largest restaurant chains in the United States. *Id.* ¶ 3. For example, competitors could use the information to adjust their marketing strategies to better compete with the Subway® franchise system. *Id.* ¶ 7.

For these reasons, DAI respectfully moves for an order sealing Paragraphs 8-11 of Mr. Gordon's declaration.

        **DEFENDANT**
        **DOCTOR'S ASSOCIATES INC.**

        By: */s/ John M. Doroghazi*
            Bethany L. Appleby
            John M. Doroghazi
            WIGGIN AND DANA LLP
            One Century Tower

P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
bappleby@wiggin.com
jdoroghazi@wiggin.com

*Attorneys for Doctor's Associates Inc.*

## **CERTIFICATE OF SERVICE**

      John Doroghazi, an attorney, hereby certifies that he caused the foregoing document, to be served upon all counsel of record in this case via the Court's CM/ECF System, prior to 5:00 p.m., on this 6th day of January, 2016.

                                        */s/ John M. Doroghazi*

5063/500/3400574.1