**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| IN RE: SUBWAY FOOTLONG SANDWICH ) MARKETING AND SALES PRACTICES LITIGATION ) | No. 2:13-md-2439 |

THIS DOCUMENT RELATES TO ALL CASES

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Nguyen Buren, John Farley, Vincent Gotter, Barry Gross, Jason Leslie, Ayanna Nobles, Charles Noah Pendrak, Andrew Roseman, Richard Springer, and Zana Zeqiri ("Plaintiffs" or "Class Representatives") hereby submit this supplemental memorandum addressing a January 6, 2016 letter received from Objector Theodore Frank, alleging four perceived Fed.R.Civ.P. 11 infractions relating to Plaintiffs' unopposed Memorandum in support of final approval ("Memorandum") (Docket Entry 54) and demanding retraction thereof. See Exhibit 1. Plaintiffs believe that all of these alleged infractions are entirely meritless, and provide their responses thereto, as well as relevant Exhibits, for the Court's record.

First, Frank demanded a retraction of the statement on page 8 of Plaintiffs' Memorandum that Frank's Center for Class Action Fairness "is funded by the Koch brothers through Donors Trust." Frank claims that his Center "has never accepted money nor funding of any kind from the Koch (sic) ... [,] has not been a project of Donors Trust for several years and when it was a project it was at no time funded by any Koch money."

Plaintiffs hereby amend page 8 of their Memorandum (Docket Entry 54) to replace the objected-to language with the following:

> **"... which was at one time funded by Donor's Trust, an organization that has received significant donations from the Koch brothers in the past."** <u>See</u> **Exhibit 2, p.2 and Exhibit 3, p.2.**

Second, Frank requested that Plaintiffs retract from page 8 of their Memorandum a quote by the District Court for the Southern District of California in *Koz v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 129205 (S.D. Cal. Sept. 10, 2013) – noting that Frank had been "widely and repeatedly criticized as [a] serial, professional, or otherwise vexatious objector" – on the grounds that that case had been "withdrawn" and "substituted" with a different, "superseding" opinion. Yet Plaintiffs have found no indication that the *Koz* case has been withdrawn or superseded as alleged by Frank, or that the objected-to comments made by the District Court regarding Frank were in any way retracted, changed, altered, or removed from the record. Indeed, the *Koz* case is still publicly available, and was properly cited in Plaintiffs' Memorandum.

Third, Frank requested that Plaintiffs retract their opinion on page 9 imputing to Frank the "belief that all class action settlements are "bad" and that class actions—all class actions— are part of an evil scheme to damage our economy and stifle the progress of businesses as they strive to make all our lives better." While Frank may dispute this opinion of Plaintiffs, it most certainly has a basis in fact, and indeed is directly supported by comments made by Frank himself to various media sources (which comments are cited by Plaintiffs' Memorandum).

Fourth, Frank requested Plaintiffs retract their statement on page 10 that "Frank and his firm have appeared as either objector, or attorney, or both in … *Hamilton v. Suntrust Mortgage Inc. et al.* 13-cv-60749 (S.D.Fl) [and] *Fauley et al. v. Metropolitian Life, Storick*, 14 CH 1518 (Circuit Court of Lake County, Ill.), stating that neither Frank nor his Center had "any

involvement ... of any kind" in those cases. According to Plaintiffs' sources, counsel for one of the objectors in the *Fauley* case specifically stated that Frank was writing a brief for his client. Regardless, based on Frank's specific denial of any involvement in that case, Plaintiffs withdraw their citation thereof. In the *Hamilton* matter, however, while Frank may not have been counsel of record, the objector stated in his deposition, without prompting, that Frank drafted his objection, despite his counsel of record being fellow professional objector Christopher A. Bandas, Esq.[1] See Deposition Excerpts attached as Exhibit 4, p. 30-32. Such testimony by the objector begs the question: If Frank did not work on the *Hamilton* objection – and did not have "any involvement ... of any kind" in that case, as he claims – how or why would that objector even mention his name when asked who wrote his objection?

Finally, while not a basis for a Rule 11 demand, Frank also asserts that Plaintiffs are trying to "induce a court rul[ing]" by "ascribing unfavorable political views" to him, which he claims is "unethical." Notwithstanding the fact that none of the cases cited by Frank come remotely close to supporting this assertion, Frank's argument misses the mark. Plaintiffs have informed the Court of Frank's past not for the purpose of disparaging Frank's political views or to somehow convince the Court to rule against Frank because his political leanings may or may not correspond with the Court's. Indeed, such gamesmanship is entirely unnecessary here, as the proposed settlement is fair and adequate and should be approved on its face, as set forth in Plaintiffs' Memorandum. Rather, Plaintiffs have brought this information to the attention of the Court because it is relevant to show that Frank has a real bias and an underlying agenda, other

---

[1] This is also troubling because while Frank states that his mission has been to stop class action abuse, Frank had a financial arrangement with Bandas wherein Bandas paid Frank $250,000 from 2013-2015 for objections he worked on with Bandas. See ¶ 30 of Frank Declaration attached as Exhibit 5.

3

than what he purports, to object to class actions settlements in general, including the case at bar.

Respectfully submitted,

All Plaintiffs, individually, and on behalf of all others similarly situated,

By: _____s/Stephen P. DeNittis_____
Stephen P. DeNittis (Admitted Pro Hac Vice)
DeNittis Osefchen, P.C.
5 Greentree Centre, Suite 410
Route 73 South & Lincoln Drive
Marlton, New Jersey 08053
(856) 797-9951 telephone

By: ____s/Thomas A. Zimmerman, Jr._____
Thomas A. Zimmerman, Jr. (IL #6231944)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Interim Co-Lead Counsel for the Plaintiffs and Class

4

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system this 7th day of January, 2016. Parties may access this filing through the Court's CM/ECF System.

s/ Stephen P. DeNittis_____
Stephen P. DeNittis