# Exhibit 1



Adam E. Schulman
Competitive Enterprise Institute
Center for Class Action Fairness
1899 L Street, NW 12th Floor
Washington, DC 20036
Adam.schulman@cei.org
(610) 457-0856

*Attorney for Objector Theodore H. Frank*

January 5, 2016

**VIA EMAIL**

Stephen DeNittis
Email: sdenittis@denittislaw.com
DENITTIS OSEFCHEN, P.C

Thomas A. Zimmerman
Email: tom@attorneyzim.com
ZIMMERMAN LAW OFFICES, PC

Re: *In re Subway Footlong Sandwich Marketing and Sales Practices Litigation*, No. 2:13-md-2439 (E.D. Wis.)

Dear Counsel:

I write regarding plaintiffs' filing today in the above-captioned case. Dkt. 54. The memorandum makes several groundless statements. Frank seeks to have the plaintiffs retract as soon as possible to correct the public record. The following portions of the memorandum require retraction:

- (p8) – claiming that Center for Class Action Fairness is "funded by the Koch brothers through Donors Trust." CCAF has never accepted money or funding of any kind from the Koch. CCAF has not been a project of Donors Trust for several years and when it was a project it was at no time funded by any Koch money.

- (p8) – quoting language from *Koz v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 129205 (S.D. Cal. Sept. 10, 2013), a decision that was subsequently withdrawn with a different opinion

substituted at *Dennis v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 163118 (S.D. Cal. Nov. 14, 2013). The superseding opinion contains none of the quoted language.

- (p9) – imputing to Frank the "belief that all class action settlements are "bad" and that class actions—all class actions—are part of an evil scheme to damage our economy and stifle the progress of businesses as they strive to make all our lives better." This imputation is contradicted by Frank's declaration in this very case. *See* Dkt. 51-1 ¶14.

- (p10) – proclaiming that Mr. Frank and his firm have appeared as either objector, or attorney, or both in… *Hamilton v. Suntrust Mortgage Inc. et. al.*, 13-cv-60749 (S.D. Fl.)… *Fauley et al v. Metropolitan Life, Storick*, 14 CH 1518 (Circuit Court of Lake County, Ill). In neither *Hamilton* nor *Fauley* did Frank or CCAF have any involvement as either objector, attorney or participation of any kind for that matter.

The above factual contentions are false and made without evidentiary support. The legal citation to withdrawn language is frivolous and vexatious. Each of the above infractions of Fed. R. Civ. P. 11 requires immediate redress. More generally, it is improper and vexatious for the plaintiffs to impugn, or even comment upon, what they subjectively view to be Frank's clandestine ideological agenda. In no uncertain terms, these imputations are false. But even if they weren't, the commentary in a court-filed document is out of place. Everyone should agree that this diverts from the merits of the dispute at hand.

Moreover, ascribing unfavorable political views to a litigation adversary (*see also* Dkt. 54 at 8 n.5), and attempting to induce a court rule on that basis is unethical. Such language could encourage the District Court to commit a First Amendment violation by weighing political viewpoint in the equation when evaluating an objection. *See, e.g.*, *R.A.V. v. St. Paul*, 505 U.S. 377, 392 (1992) (outlining prohibition on viewpoint discrimination); *Dawson v. Delaware*, 503 U.S. 159, 166-67 (1992) (prohibiting consideration of "nothing more than the abstract beliefs" and associations of litigants where they are not germane to the matter at hand); *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion.")

Frank requests that Plaintiffs re-file their memorandum without factual or legal inaccuracies and without extraneous speculation about political viewpoint. Frank also requests that Plaintiffs include a short statement advising the Court of why they are filing an amended memorandum. (This request also goes for any equivalent language that may be in the memorandum in support of settlement, but which Frank has not yet seen).

Thank you for your prompt attention to this matter. I would gladly discuss it in further detail. To that end, I can be called at (610) 457-0856, or emailed at adam.schulman@cei.org.

Sincerely,

Adam Schulman

cc: Theodore Frank (via email)
Todd M. Friedman (via email)
Daniel A. Edelman (via email)
Michael S. Agruss (via email)
Shpetim Ademi (via email)
E. Kent Hirsch (via email)
John M. Doroghazi (via email)
Bethany L. Appleby (via email)