# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|   |   |   |
|---|---|---|
| IN RE: SUBWAY FOOTLONG SANDWICH MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) | Case No. 2:13-md-02439-LA<br><br>Judge Lynn Adelman |

**PLAINTIFF'S RESPONSE TO THEODORE H. FRANK'S
MOTION TO EXCLUDE DECLARATION OF JOHN A. GORDON**

Theodore H. Frank's Motion to Exclude Declaration of John A. Gordon ("Gordon") is wholly without merit.

Federal Rule of Evidence 702 permits testimony by qualified experts where such testimony will help the trier of fact understand the evidence or decide the factual issues. *Lapsley v. XTEK, Inc.*, 689 F.3d 802, 808-09 (7th Cir. 2012) (affirming district court's rejection of defendant's *Daubert* motion seeking to bar plaintiff's expert from offering his expert opinions). When "the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested with the familiar tools of 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Lapsley*, *supra,* at 805 ("Rule 702 requires that expert testimony be relevant, reliable, and have a factual basis—[r]equirements that must be met before the jury is allowed to hear and perhaps be persuaded by the expert testimony."), *quoting Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The trier of fact is to decide ultimate issues of credibility and accuracy. *Id.*

The purpose of a *Daubert* inquiry "is to vet the proposed testimony under Rule 702's requirements that it be 'based on sufficient facts or data,' use 'reliable principles and methods,' and 'reliably apply the principles and methods to the facts of the case.'" *Lapsly,* at 810, quoting *Daubert*. The district court has wide latitude in performing its gatekeeping function and

determining both how to measure the reliability of expert testimony and whether the testimony itself is reliable. *Id.*

Finally, Rule 702's requirement that the court "determine that the expert used reliable methods does not ordinarily extend to the reliability of the conclusions those methods produce—that is, whether the conclusions are unimpeachable." *In re: Zimmer Nexgen Knee Implant Products Liability Litigation*, MDL No. 2272, 2015 WL 5050214 (N.D. Ill. August 25, 2015) (overruling objection to expert testimony).

Here, the Gordon declaration meets the *Daubert* threshold of relevance, reliability and factual basis. Gordon was retained to determine the value to the Class of the injunctive relief in the proposed Settlement. This is exactly what his declaration does. As such, the Gordon declaration attaches Gordon's *curriculum vitae* and details his extensive experience in the area in which he offers his opinion. Gordon then clearly and unequivocally sets forth his mathematical methodology and foundation for his conclusions. Thus, Gordon's Declaration clearly explains how Gordon used the number of "Subway Six Inch" sandwiches and "Subway Footlong" sandwiches sold in a given year, provided to Gordon by Doctors Associates, Inc. ("DAI"), and the minimum price values for "Subway Six Inch" sandwiches and "Subway Footlong" sandwiches, also provided to Gordon by DAI, to calculate the profits DAI received for its sale of "Subway Six Inch" sandwiches and "Subway Footlong" sandwiches for that given year. *See Gordon Declaration*, at ¶ 10.

Gordon's Declaration then explains how Gordon assumed that these two sandwiches, absent injunctive relief, would be at least [REDACTED]% shorter in length than advertised by DAI and, therefore, at least [REDACTED]% less valuable to the customers. *See Gordon Declaration*, at ¶ 9. Gordon's Declaration then provides a table showing how Gordon calculated the percentage of

2

DAI profits for "Subway Six Inch" sandwiches and "Subway Footlong" sandwiches that would be retained by DAI absent the injunctive relief, in order to determine the value to the Class of the injunctive relief. *See Gordon Declaration*, at ¶ 11.

Gordon applies simple multiplication. It goes without saying that the principles (multiplication) upon which Gordon relied have long been established and accepted within the mathematics community, and therefore, both Gordon's methodology and his conclusions constitute admissible evidence. *See Lapsley,* at 807-808. The math applied by Gordon in his declaration is "within the comprehension of judges and lawyers without extraordinary assistance." *Id.,* at 809.

Frank's Motion to Exclude raises a handful of marginal and otherwise unsupported and irrelevant arguments. First, Frank urges that the Gordon Declaration "is based on the false premise that 100% of sandwiches pre-settlement were too short." However, nowhere does Mr. Gordon claim to premise his declaration on this assumption.[1] Accompanying this first argument is Frank's claim that Gordon was wrong to determine the value to the Class of injunctive relief by assuming that, during the injunctive period, "Subway Six Inch" sandwiches will actually be six (6) inches long, and "Subway Footlong" sandwiches will actually be twelve (12) inches long. The Settlement Agreement is clear that DAI will do as much as is commercially reasonable to insure that "Subway Six Inch" sandwiches and "Subway Footlong" sandwiches are full length, and DAI has provided no legitimate reason why the agreed upon injunctive relief will be ineffective. Frank's reliance on the Settlement Agreement's lack of assurance is without merit.

---

[1] Moreover, to the extent that Gordon's analysis makes any such implication, his calculations are distinctly conservative. Gordon assumes that any sandwich that was deficiently short only resulted in a [REDACTED] decrease in value. Gordon also assumes that every "Subway Six Inch" sandwich was sold for only $2 and that every "Subway Footlong Sandwich" was sold for only $5. According to DAI's Discovery Memorandum from April 12, 2013. Subway's actual menu board retail prices are higher than the DAI minimum prices of $ [REDACTED] and $ [REDACTED]

3

*See e.g. United States v. Mire*, 725 F.3d 665, 676-77 (7th Cir. 2013) (rejecting a *Daubert* objection that a methodology was unreliable due to the possibility of false positives because "the rate of error in the testing was low").

Second, Frank similarly argues that Gordon's calculations "are based on the improper assumption that all future sandwich purchases will be made only by class members." Again, the declaration makes no such assumption. Gordon's calculations are based on one year during the Class period, and he does not rely on any rate of increase to account for new Subway customers or any increase in sales of Subway sandwiches.[2]

Third, Frank argues without supporting evidence that "Gordon arbitrarily assigns a value to the supposed increased length of the sandwiches" because, Frank claims, the amount of bread dough will be the same regardless of how long the sandwiches are. However, there is nothing "supposed" in the Settlement as to the increased length of the sandwiches, and Frank offers no evidence that the amount of bread dough will be the same, nor does he explain the relevance as to that issue. Further, it is frivolous to argue that a deficiently short sandwich has no decrease in value. Gordon's calculations are incredibly conservative, and his analysis assumes that a deficiently short sandwich is only REDACTED % less valuable to Class members than a full length sandwich.

Fourth, Frank argues that Gordon's math is wrong. Again, Frank is mistaken. Gordon lays out his math simply and clearly and it cannot reasonably be contested.[3]

---

[2] The declarations of the Plaintiffs, declaring that they plan to continue purchasing Subway sandwiches regardless of the outcome of this lawsuit, suggests that Class members will continue to purchase Subway sandwiches as they did during the Class period.

[3] There is a typographical error in "Table One" in the Gordon Declaration. A corrected Declaration is being submitted to the Court.

Case 2:13-md-02439-LA   Filed 01/15/16   Page 5 of 7   Document 62

Finally, Frank contends that the Gordon Declaration does not comply with Rule 26(a)(2)(B). However, that discovery rule—with which Plaintiffs have fully complied—applies to expert disclosures, not expert declarations.

For all of the foregoing reasons, the Court should reject Frank's motion to exclude the Gordon Declaration.

Respectfully Submitted,

By:   /s/ Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr. (IL #6231944)
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602
      (312) 440-0020 telephone
      (312) 440-4180 facsimile
      www.attorneyzim.com

      Stephen P. DeNittis
      DeNittis Osefchen, P.C.
      5 Greentree Centre, Suite 410
      Route 73 South & Lincoln Drive
      Marlton, New Jersey 08053
      (856) 797-9951 telephone

Interim Co-Lead Counsel for the Plaintiffs and Class

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system this 14th day of January, 2016. Parties may access this filing through the Court's CM/ECF System.

                                                 s/ Thomas A. Zimmerman, Jr.
                                                  Thomas A. Zimmerman, Jr.